[Cite as *In re C.J.H.*, 2024-Ohio-1233.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| C.J.H., et al. | : | CASE NOS. CA2023-04-024 |
| | | CA2023-04-025 |
| | : | CA2023-04-026 |
| | | CA2023-04-027 |
| | : | CA2023-04-028 |
| | : | O P I N I O N |
| | | 4/1/2024 |
| | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2022 JA 57022, 57026, 56938, 56939, 56940

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellant.

Brafford Law, LLC, and Suellen Brafford, for appellee, C.J.H.

Glaser Law Office, and Angela J. Glaser, for appellee, P.S.

Crousey Law Firm, and Joshua R. Crousey, for appellee, R.B.

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, the state of Ohio, appeals from the Clermont County Juvenile

Court's entry denying the state's motion for mandatory bindover.  For the reasons outlined

below, we reverse the juvenile court's decision and remand the matter for further proceedings.

### I. Facts and Procedural History

**{¶ 2}** On July 14, 2022, Rusty and Ryan Larison were shot and killed at the Richmond Estates Mobile Home Park in New Richmond, Clermont County, Ohio. The state alleges appellees, C.J.H., 17 years old; P.S., 16 years old; and R.B., 17 years old, along with another juvenile, C.M., killed the Larisons during a robbery.

**{¶ 3}** On July 16, 2022, the state filed numerous complaints against C.M., including multiple counts of aggravated murder and murder, related to the deaths of Rusty and Ryan Larison.

**{¶ 4}** Over the next few months, the state filed a total of 18 complaints against C.J.H, 19 complaints against P.S., and 19 complaints against R.B. Relevant to this case, each appellee was charged with: two counts of aggravated murder under R.C. 2903.01(A); two counts of aggravated murder under R.C. 2903.01(B); two counts of murder under R.C. 2903.02(A); and two counts of murder under R.C. 2903.02(B), all related to the deaths of Rusty and Ryan Larison.

**{¶ 5}** After a joint probable cause hearing, the juvenile court found probable cause to believe C.M., as principal offender, committed each of the complaints for aggravated murder and murder. The juvenile court further determined that C.J.H., P.S., and R.B. did not act as principal offenders for each of the aggravated murder and murder complaints, but found that there was probable cause to believe they were complicit for each of the complaints. On April 13, 2023, based on a perceived conflict in the law on the issue of complicity and mandatory bindover, the juvenile court denied the state's

motion for mandatory bindover of C.J.H., P.S. and R.B., retained jurisdiction, and set the matter for an amenability hearing in preparation for potential discretionary bindover.

{¶ 6} The state appealed on April 21, 2023.

## II. Legal Analysis

Motion to Dismiss the Appeal

{¶ 7} Before addressing the merits of appellant's assignment of error, we must first decide P.S.'s August 4, 2023 motion to dismiss the state's appeal.[1] In the motion, P.S. asserts that the juvenile court's entry denying the state's motion for mandatory bindover is not a final appealable order and the state failed to file a motion for leave to appeal under App. R. 5(C). The issue, then, is whether the state has an absolute right to appeal a juvenile court's denial of the state's request for mandatory bindover without first seeking leave to appeal.

{¶ 8} The Ohio Supreme Court ruled on this issue in its decision in *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307. In that case, the high court held that "The order of a juvenile court denying a motion for mandatory bindover bars the state from prosecuting a juvenile offender as an adult for a criminal offense. It is therefore the functional equivalent of a dismissal of a criminal indictment and constitutes a final order from which the state may appeal as a matter of right." *Id.* at syllabus.

{¶ 9} The Court went on to note that "In certain situations specified by statute, the juvenile court is required to transfer a case to the general division of the common pleas court for prosecution of the juvenile defendant as an adult. R.C. 2152.12. These transfers

---

1. The state filed its response opposing the motion on August 14, 2023. By entry dated August 30, 2023, we deferred consideration of this motion until the case was submitted to a panel for decision on the merits.

are referred to as 'mandatory bindovers' because if the statutory conditions are met, the judge *must* transfer jurisdiction." *Id.* at ¶ 1, fn. 1. "Despite the general rule that the juvenile court has exclusive original jurisdiction over any child alleged to be delinquent, the court has a duty to transfer a case when it determines that the elements of the transfer statute are met." *Id.* at ¶ 22. "Mandatory transfer removes discretion from judges in the transfer decision." *State v. Hanning,* 89 Ohio St.3d 86, 90 (2000).

{¶ 10} Here, the juvenile court denied the state's motion for mandatory bindover, finding that, although probable cause had been established, the criteria for mandatory bindover set forth in R.C. 2152.12(A)(1)(a) had not been met where appellees were charged with complicity to aggravated murder and complicity to murder (as opposed to being charged as principal offenders). The state's present appeal challenges the juvenile court's finding that the applicable statutory criteria for mandatory bindover has not been met in this case. This is a legal issue which must be determined in order to resolve whether the juvenile court erred in finding that this was a discretionary bindover, and if it did in fact err, it would then lack jurisdiction to proceed as it did below. This is because a juvenile court may not retain jurisdiction over a case subject to mandatory bindover.

{¶ 11} While the present case differs somewhat from *A.J.S.*, where the juvenile court had denied mandatory bindover for lack of probable cause, the same rationale applies here: the juvenile court's decision has terminated the state's ability to secure a criminal indictment for the acts charged, and therefore it is the functional equivalent of the dismissal of a criminal indictment. Therefore, we hereby deny P.S.'s motion to dismiss the state's appeal and proceed to the merits.

Mandatory Bindover for Complicity Offenses

{¶ 12} The state's sole assignment of error states:

THE JUVENILE COURT ERRED BY NOT BINDING C.J.H.,
P.S., AND R.B. OVER TO THE ADULT DIVISION OF THE
CLERMONT COUNTY COURT OF COMMON PLEAS
UNDER SECTION 2152.12(A)(1)(a)(i).

{¶ 13} In its sole assignment of error, the state argues the juvenile court erred when it found that appellees were not subject to mandatory bindover and instead scheduled them for an amenability hearing in preparation for potential discretionary bindover. We agree with the state.

{¶ 14} Ohio law requires the mandatory transfer of certain juvenile cases to the general division of the common pleas court where the juvenile offenders are tried and punished as adults. *See* R.C. 2152.10 and 2152.12. R.C. 2152.10(A)(1) provides that a child charged with a "category one offense"—murder or aggravated murder—who is 16 years of age or older at the time of the offense is eligible for mandatory transfer and shall be transferred as provided in R.C. 2152.12. In turn, R.C. 2152.12(A)(1) provides:

(a) After a complaint has been filed alleging that a child is a delinquent child for committing one or more acts that would be an offense if committed by an adult, if any of those acts would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall transfer the case if either of the following applies:

(i) The child was sixteen or seventeen years of age at the time of the act charged that would be aggravated murder, murder, attempted aggravated murder, or attempted murder and there is probable cause to believe that the child committed the act charged.

(ii) The child was fourteen or fifteen years of age at the time of the act charged that would be aggravated murder, murder, attempted aggravated murder, or attempted murder, section 2152.10 of the Revised Code provides

- 5 -

> that the child is eligible for mandatory transfer, and there
> is probable cause to believe that the child committed the
> act charged.
>
> * * *

Here, the complaints filed against appellees allege that each committed murder and aggravated murder, and appellees were 16 or 17 years old at the time of the alleged offenses.

{¶ 15} Although the juvenile court determined the juveniles were not the principal offenders, it still found probable cause to believe they were complicit to murder and complicit to aggravated murder. "'Under the principle of complicity or accomplice liability, an individual may be found guilty if he solicits, aids, abets or conspires with another individual to commit an offense and shares the criminal intent of an individual who commits the principal offense."' *State v. Buell*, 12th Dist. Fayette No. CA2021-12-026, 2022-Ohio-3102, ¶ 17, quoting *State v. Horton*, 10th Dist. Franklin No. 13AP-855, 2014-Ohio-2785, ¶ 8. There is no distinction between a defendant convicted of complicity or convicted as a principal offender. *Buell* at ¶ 17. Pursuant to R.C. 2923.03(F), "[a] charge of complicity may be stated in terms of [that] section, or in terms of the principal offense."

{¶ 16} Where there is probable cause to believe that a juvenile (who is 16 years old or older) committed murder or aggravated murder through complicity, that juvenile is subject to mandatory bindover. *In re B.W.*, 7th Dist. Mahoning No. 17 MA 0071, 2017-Ohio-9220, ¶ 28. Initially, in *State v. Hanning*, 89 Ohio St.3d 86 (2000), the Supreme Court of Ohio broadly stated that the complicity statute, R.C. 2923.03, does not apply to the juvenile bindover criteria as set forth under former section R.C. 2151.26 (currently R.C.2152.10 and R.C. 2152.12). In *Hanning*, the Court held that the concept of complicity

could not be used to support mandatory bindover of Hanning, an accomplice juvenile, based on the principal offender's use of a firearm in a category two offense: aggravated robbery. However, one year later in *Agee v. Russell*, 92 Ohio St.3d 540 (2001), the Court clarified that the *Hanning* rationale does not apply to all mandatory bindover proceedings, but rather only to those based upon a firearm specification. Thus, juvenile courts will mandatorily transfer cases for adult prosecution even if the evidence shows that the juvenile was not a principal offender but was merely complicit in committing the offense. *State v. Legg*, 4th Dist. Pickaway No. 14CA23, 2016-Ohio-801, ¶ 42, *appeal not accepted*, 146 Ohio St.3d 1416, 2016-Ohio-3390; *State v. Bishop*, 8th Dist. Cuyahoga No. 89184, 2007-Ohio-6197, ¶ 26.

{¶ 17} The juvenile court's reliance on *State v. Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, and *State v. Taylor*, 10th Dist. Franklin No. 19AP-396, 2022-Ohio-2877, in its entry denying mandatory bindover is misplaced. In *Smith*, the Ohio Supreme Court held that a juvenile court may only bindover charges for which it has found probable cause and that the general division of the court of common pleas has no jurisdiction over charges for which the juvenile court has found no probable cause. 2022-Ohio-274, ¶ 33-36, 44. In *Taylor*, the juvenile court found probable cause to believe Taylor had committed purposeful murder, but after Taylor was bound over to the general division, he was also charged with felony murder by felonious assault. 2022-Ohio-2877, ¶ 19. The Tenth District concluded that complicity to purposeful murder is not an equivalent "act charged" to felony murder by felonious assault for purposes of transferring jurisdiction from the juvenile division to the general division; therefore, pursuant to *Smith*, the general division did not have jurisdiction over Taylor's felony murder charge. There is no such

- 7 -

discrepancy in the charges in the present case.

**{¶ 18}** Here, the juvenile court found that there was probable cause to believe appellees were complicit in committing murder and aggravated murder, category one offenses. The use of a firearm is not necessary for mandatory bindover to apply to category one offenses. Therefore, *Hanning* does not apply to the present case, and appellees are subject to mandatory bindover.

### Conclusion

**{¶ 19}** In light of the foregoing, we conclude the juvenile court erred in denying the state's motion for mandatory bindover. Therefore, the state's sole assignment of error is sustained and this matter is reversed and remanded to the juvenile court with instructions to transfer appellees' cases to the general division of the common pleas court for further proceedings.

**{¶ 20}** Judgment reversed and remanded.

PIPER and BYRNE, JJ., concur.